MINNA B. RABINOWITZ *vs.* GEORGE D. BAYLISS.

MARCH 29, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is a petition for certiorari directed to the superior court to certify a certain record relating to an order vacating a *dedimus potestatem,* hereinafter called a commission, to take the deposition of a party in the above-entitled case to the end that all or so much of said record as is deemed illegal may be quashed by this court. The writ was issued and the superior court has duly complied therewith.

The record shows that George D. Bayliss, of the city of Richmond, Virginia, the petitioner here, is the defendant in an action of trespass on the case for negligence which was commenced by writ of attachment of his property because of nonresidence in this state. The action is for personal injuries to Minna B. Rabinowitz, the plaintiff, as the result of an accident between two automobiles in the city of Garysburg, North Carolina, on December 8, 1945. A general appearance was entered on behalf of the defendant and pleas of the general issue and statute of limitations were thereafter filed.

When the case was ready for assignment for trial on the merits the defendant filed a petition for a commission to take his own deposition in Richmond, Virginia, which

petition was granted by a judge of the superior court, and the commission was issued. Shortly thereafter the plaintiff filed a motion to vacate and quash the order allowing the commission, which motion was heard and granted by another judge of the superior court. The present petition seeks to quash that order.

The petitioner makes two contentions: first, that it was reversible error for one judge to vacate and quash the order of another judge of the same court; and secondly that, contrary to the ruling of the second judge, a party in an action at law is entitled as of right to a commission authorizing the taking of *his own deposition*. Addressing ourselves to the first contention and without attempting to discuss at length the important question of procedure thus raised, because in the circumstances of this case such question does not affect any fundamental right of the plaintiff that could not otherwise be raised again at the trial in the same court and be reviewed ultimately by appellate proceeding in this court, we are of the opinion that the ruling under consideration was contrary to and does violence to our heretofore unquestioned practice in similar situations.

The order of the first judge was at best interlocutory in character. It could have been re-examined under our practice at the trial of the case upon timely objection by the plaintiff to the introduction in evidence of the deposition and, in the event of an adverse ruling, the matter could have been brought to this court at the proper time for final determination by a bill of exceptions. The mere taking of the deposition did not bind the defendant to use it as he remained free to abandon it and testify in person at the trial. Neither party can be compelled to use a deposition even if properly taken, although either one may use it at the appropriate time if necessary or desirable. *Brody* v. *Cooper,* 45 R. I. 453, 457. Assuming, without deciding, that a judge has the power to vacate in the same case a prior decision or order of another judge of coordinate juris-

diction, it would seem that such power should be exercised only in unusual circumstances and for the most cogent reasons. See *Peterson* v. *Hopson,* 306 Mass. 597. For a pertinent and comprehensive note, see 132 A.L.R. 14.

Petitioner's second contention, which raises the controlling question in this case, involves the construction of general laws 1938, chapter 539, §§1 and 5. In so far as pertinent §1 permits the taking of the "deposition of any witness" to be used in the trial of any civil action; and §5 allows depositions to be taken "without this state to be used in the tribunals of this state, upon an order obtained on motion from the court in which the case is pending." These sections must be construed in the light of G. L. 1938, chap. 537, §14, which provides that no person shall be disqualified from testifying in any action at law because of his being a party thereto.

It is well known that at early common law parties were not competent witnesses for themselves, nor could they be compelled to testify for the adverse party. We entertain no doubt that the purpose of chap. 537, §14, and its predecessors was to relax the rigidity of that rule and to remove the disqualification of a party so that thereafter he was as free to testify as any other competent witness. In the absence of any restrictive language it does not seem reasonable that by this statute the legislature intended that a party was to be a competent witness only if he testified in person.

The petitioner contends that under chap. 539, §§1 and 5, hereinbefore mentioned, a party may obtain a commission to take his own deposition. The respondent here, being the plaintiff in the law action, relying on *Tilden-Thurber Corp.* v. *Farnell,* 43 R. I. 42, and *Hamilton Co.* v. *Goring,* 65 R. I. 459, takes a contrary view. The facts in those cases will show that they are clearly distinguishable from the instant case and therefore are inapplicable in the present circumstances. In those cases the court held that under the statutes here involved, then G. L. 1909, chap.

292, secs. 22, 26 and 37, a party cannot compel an *adverse party* or one standing substantially in the same relation to give his testimony by deposition.

The instant case presents no such question, as the party who obtained the commission here merely sought to take his *own* deposition. We find no language in the statutes under consideration requiring a construction that the ordinary witness can testify by deposition, but that a party, who is as competent to testify as any other witness, nevertheless cannot have his deposition taken and used. We therefore find that in the circumstances now before us the petitioner was a competent witness within the meaning of G. L. 1938, chap. 537, §14, and chap. 539, §1, and further that the commission to take his *own* deposition in Richmond, Virginia, was duly issued in accordance with G. L. 1938, chap. 539, §5.

The petition is granted, the order of the superior court vacating the *dedimus potestatem* is quashed, and the record certified to this court is ordered to be returned to the superior court for further proceedings.

*Carroll & Dwyer, John G. Carroll,* for George D. Bayliss.

*Samson Nathanson,* for Minna B. Rabinowitz.